

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

Hon. Tom DeBerry
Member State Board of Control
Austin, Texas

Dear Mr. DeBerry:

Opinion No. O-889
Re: Effect of amendment to Old
Age Assistance Law subsequent
to certification of eligible
recipient.

This is in reply to your letter of May 29, 1939,
in which you request the opinion of this Department upon
the following question:

"If the Old Age Assistance Commission,
on June 1, 1939, makes certification to the
State Comptroller of Public Accounts of those
persons eligible to receive Old Age Assistance
benefits during the month of June based upon
the action taken by the Commission during the
preceding month, with such certification based
upon the rights, powers and duties conferred
upon the Old Age Assistance Commission under
the provisions of House Bill #8, Acts, 44th
Legislature, Third Called Session, can grants of
Old Age Assistance, during the month of June,
1939, be paid to those eligible persons so
certified under the Law although said law is
amended so as to change the qualifications and
standards of persons eligible to receive assis-
tance, said amendment becoming effective after
June 1, 1939, and after said certification of
eligibility has been made?"

In your letter you state that Item 607.5 of the
Manual of the Old Age Assistance Commission, which Manual
records approved policies and procedure governing the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

administration of the Old Age Assistance Commission reads, in part, as follows:

"Cases are closed on a calendar-month basis. This means that all cases received during the month will be cleared and become effective the 1st of the following month. For example: All cases received in the State Office during the month of December would be effective January 1. This applies to new cases, original denials to grant, grants lowered, grants raised, and reinstatements."

You further point out in your letter that in compliance with Section 13(a) of Chapter 495, General Laws of the 44th Legislature, Third Called Session, 1936, which law is generally cited as the Old Age Assistance Law, you have furnished the Comptroller from time to time with a list or roll of those entitled to assistance, together with the amount to which each recipient is entitled in order that the Comptroller might be able to properly draw and issue vouchers or warrants for old age assistance benefits. You further state that in making such certification to the Comptroller, the Commission has determined that the policy reflected in the quoted portion of the Old Age Assistance Manual should be adopted, and that such policy has been in effect during all of the present biennium.

Your letter contains the following additional statements:

"When an application for assistance is made to a representative of the Commission, pursuant to other provisions of the Old Age Assistance Law, an investigation is made to determine the eligibility of the applicant to receive assistance. In all cases in which the investigation reflects eligibility for assistance that are received during any calendar month by the State Office of the Commission from its various local agencies throughout the State, certification of the applicants' eligibility to receive such assistance is made on the first day of the month following and during the following month such persons so certified as being eligible are placed upon the Old Age Assistance rolls and receive grants of assistance.

"Certification of all persons eligible to receive assistance is made on the first of each month by the Old Age Assistance Commission to the State Comptroller in order that warrants might properly be issued during that month to those persons. All cases, therefore, that are cleared during any calendar month in the instance of new applications for assistance become effective the first of the following month. The actual mechanics involved in issuing the vouchers or warrants representing payment of the Old Age Assistance benefits by the State Comptroller and the Old Age Assistance Commission during any month are not usually consummated until around the 10th of the month.

"This handling of warrants and their issuance to recipients during any month is based upon the certification of eligibility of those persons entitled to receive grants of assistance that is made on the first of the month, based upon action taken by the Commission pursuant to the provisions of the Old Age Assistance Law during the preceding month and the procedure that has been followed by the Commission involving the clearing of all cases prior to certification of eligibility."

In order to answer the question you propound, it is necessary that we first ascertain the character of act performed by the Comptroller in issuing warrants upon the certification of the Old Age Assistance Commission. If the act of the Comptroller in issuing the warrants is an act involving discretion on his part after an investigation by him, then it is entirely possible that the Comptroller would be bound to follow an amendatory act which becomes effective subsequent to the certification by the Old Age Assistance Commission but prior to the time the Comptroller actually issues the warrants. On the other hand, if the act of the Comptroller in issuing warrants is a purely ministerial act involving no exercise of discretion, then it is clear to us that the right of recipients to Old Age pensions must be determined by the law in effect on the date of the certification by the Commission, rather than upon the date of the performance of the ministerial duty of issuing the warrants.

In Section 51b of Article 3 of the Constitution of Texas, it is provided that:

"The Legislature shall have the power by
general laws to provide, under such limitations
and restrictions and regulations as may be deemed
by the Legislature expedient, for old-age assist-
ance and for the payment of same not to exceed
Fifteen Dollars ($15) per month each to actual
bona fide citizens of Texas who are over the age
of sixty-five (65) years; provided that no habi-
tual criminal, and no habitual drunkard while such
habitual drunkard, and no inmate of any State sup-
ported institution, while such inmate, shall be
eligible for such old-age assistance; provided
further that the requirements for length of time
of actual residence in Texas shall never be less
than five (5) years during the nine (9) years
immediately preceding the application for old-age
assistance and continuously for one (1) year
immediately preceding such application.

"The Legislature shall have the authority to
accept from the Government of the United States
such financial aid for old-age assistance as that
Government may offer not inconsistent with the
restrictions hereinbefore provided."

Under the authority of such constitutional pro-
vision, the Legislature in Chapter 495 of the General Laws
of the Third Called Session of the 44th Legislature, has
charged the State Board of Control, constituting the Texas
Old Age Assistance Commission, with the duty of administer-
ing the Old Age Assistance Act. Section 3 of said Act pro-
vides:

"The Commission may grant financial aid to
any needy person who is in necessitous circum-
stances provided such person. . ."

Section 4 of the Act provides:

"In determining the eligibility of an appli-
cant for assistance under this Act, it shall be the
duty of the Commission to consider and take into
account all facts and circumstances surrounding the
applicant, including his earning capacity and his
opportunity to obtain support from other sources,
and if from all the facts and circumstances the
applicant does not appear to be in a needy and
necessitous condition, assistance shall be denied.

In calculating income and resources of the
applicant, the Commission shall take into
account all money received by gift, devise
or descent."

Section 7 of the Act, in part, provides as
follows:

"The Commission shall have full power and
authority to provide such method of local ad-
ministration in the various counties and dis-
tricts of Texas as it deems advisable * * *"

Section 11(b) of the Act creates and establishes
a special fund of the Treasury of the State of Texas to be
kept by the State Treasurer separate and apart from all
other funds to be known as the "Texas Old Age Assistance
Fund", for the purpose of paying the aid and assistance
provided for in the Act.

Section 12 of the Act authorizes the Commission
to promulgate and establish such rules and regulations
as may be necessary immediately to make grants of assistance
to such of those persons as may be eligible under the pro-
visions of this Act.

Section 13(a) of the Act provides as follows:

"All old age assistance benefits provided for
under the terms of this Act shall be paid by vouchers
or warrants drawn by the State Comptroller on the
Texas Old Age Assistance Fund; for the purpose of
permitting the State Comptroller properly to draw
and issue such vouchers or warrants, the Texas Old
Age Assistance Commission shall furnish the Comp-
troller with a list or roll of those entitled to
assistance from time to time, together with the
amount to which each recipient is entitled. When
such vouchers or warrants have been drawn, they
shall be delivered to the Executive Director of
the Texas Old Age Assistance Commission, who in
turn shall supervise the delivery of the same to
the persons entitled thereto."

The general appropriation Act of the 45th Legislature, Regular Session, provides, in part, as follows:

"All income to the Texas Old Age Assistance Fund, together with any balances on hand at the end of a prior fiscal year, are hereby appropriated for each of the fiscal years ending August 31, 1938, and August 31, 1939, to the Texas Old Age Assistance Commission for aid and assistance, and for salaries, equipment, supplies, travel, maintenance and contingent expenses necessary in the extension of aid and in administering all the duties required of said Commission by the Old Age Assistance Laws, and for payment of interest bearing warrants, together with interest thereon, outstanding on August 31, 1937, that were issued against the Texas Old Age Assistance Fund under the provisions of House Bill 37, Acts of the Forty-fourth Legislature, Third Called Session; provided, in accordance with said laws, that the administrative expenses for any year shall never exceed five per cent of the total amount expended for Old Age Assistance."

Summarizing the above constitutional provisions and statutes, we find that the Constitution expressly empowers the Legislature to provide for old age assistance under such limitations, restrictions and regulations as the Legislature deems expedient. In conformity with such constitutional grant or power, the Legislature has heretofore provided by the Statute above quoted from, for the grants of old age assistance to persons enumerated by the Act. The Legislature, among other things, has expressly authorized and empowered the State Board of Control acting as the Old Age Assistance Commission to administer the Old Age Assistance Act. In administering such Act, the Commission is expressly authorized to make investigations and findings as to the eligibility of applicants for pensions, and the Act sets up detailed standards and requirements with respect to persons who shall qualify for old age assistance. Such standards and requirements being fulfilled by the applicant, the law expressly authorizes the Commission to grant financial aid to any such applicant, and appropriations are made from the income of the State for such purpose.

In order to guide the Comptroller in issuing warrants to pay the grants made by the Commission, the Legislature provided that the Commission from time to time should furnish the Comptroller with a list or roll of those entitled to assistance, together with the amount to which each recipient is entitled.

In conformity with the power granted to it by the Legislature to promulgate rules and regulations governing the payment of old age assistance, the Commission has promulgated certain rules and regulations among which is Item 607.3 which is quoted above. The Commission has further made it the practice and policy of its administration of the law to certify to the Comptroller on the 1st of each month a list of recipients who have been determined by the Commission to be eligible for assistance as of the date of such certification.

In our opinion, it is clear that the only discretionary power granted by the Constitution or the Statutes is the power granted by the statute to the Commission to determine the eligibility of applicants. When such eligibility has been finally determined by the Commission, in the manner provided for by the statute, and such determination of eligibility has been certified by the Commission to the Comptroller, no discretion rests in the Comptroller to refuse to issue warrants to the specified recipients provided the amounts granted do not violate the maximum expressly provided for in the Statute and the Constitution. The ministerial act of issuing and delivering the warrants is all that remains to be done by any official of the State after such determination and certification. As to the Comptroller's mandatory duty to perform a ministerial act, see Lightfoot v. Lane, 140 S. W. 89.

This being true, the conclusion is inescapable that an amendment to the present law which does not become effective until after June 1, 1939, and which amendment simply changes the qualifications and standards of persons eligible to receive assistance will not affect grants of old age assistance to persons who have been found and certified by the Commission to be entitled to pensions on a date prior to the effective date of such amendment.

We, therefore, state that, in our opinion, grants of old age assistance can be paid during the month of June, 1939, to those eligible persons certified by the Commission

on June 1, 1939, although the present law is amended
subsequent to June 1, 1939, and before warrants for the
June payments are actually issued by the Comptroller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) Robert E. Kepke
Assistant

RKK:BT

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS.

APPROVED
Opinion Committee
By R.W.F. Chairman